UNITED STATES BANKRUPTCY COURT

District of New Jersey

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Albert Russo

Cn 4853

Trenton, NJ  08650

(609) 587-6888

In re:

Anthony R. Alli

Debtor(s)

**Order Filed on October 3, 2017
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

Case No.: 17-16936 / KCF

Hearing Date:  09/27/2017

Judge: Kathryn C. Ferguson

Chapter: 13

## ORDER CONFIRMING CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through three (3) is **ORDERED**.

**DATED: October 3, 2017**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

The plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the plan of the above named debtor, dated 05/03/2017, or the last amended plan of the debtor be and it is hereby confirmed.  The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of  36 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

$200.00 for 36 months beginning 05/01/2017

**ORDERED** that the case is confirmed with a calculated plan funding of $7,200.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED**   that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement.  Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan

provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve

upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the

debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court

and serve upon the Trustee a written objection to such Certification.

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary

to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is <u>not authorized</u> to pay post-petition claims filed pursuant to 11

U.S.C. § 1305(a).

**ORDERED** that the debtor(s) must obtain a loan modification by December 31, 2017 or as extended

by Loss Mitigation Order.

• Creditor Bank of New York c/o Specialized Loan Servicing, PACER claim #2-1, will be paid

outside of the Chapter 13 Plan.

**ORDERED** as follows:

Order resolving the objection of Bank of New York c/o Specialized Loan Servicing, PACER claim

2-1, shall be filed by November 5, 2017.